Our next case for today is 2018-2397 Metricolor v. L'Oreal. Please proceed. You may please the court. My name is Eduardo Martorell. I'm the law firm of Martorell Law, APC, a four-attorney firm in Los Angeles. And I represent the petitioner in this case, Metricolor LLC. I'd like to reserve five minutes for rebuttal. We're here on appeal on a complex case that was dismissed on a motion to dismiss without a single opportunity to amend. And you asked to amend in your motion, right? We did. In your opposition to the motion to dismiss, right? Correct. And Judge Real didn't appear to actually discuss that or analyze it anywhere, did he? I don't believe so. I think he focused on the patent analysis, which, you know, that is a closer call. But to not have a single opportunity to amend, to even allege the doctrine of equivalence, to get more detailed, to not have any guidance as to why any of the foaming factors were not analyzed. Did your request for amendment contain any type of attachment saying what the amended complaint would look like? Did it have any arguments? Did you state what the additional allegations would be? Your Honor, I had no idea that he was going to grant the entire thing. So, obviously, in hindsight, I would include, as we included in the declaration for the motion for sanctions that was brought against us, we included a lot of detail there. So there is a record of it. I saw that, but that kind of came up two months after that decision had been made. Why didn't you attach that declaration to your request for amendment? I thought we were on solid ground, Your Honor, to be honest. In hindsight, I would have done it differently, but I certainly asked for leave to amend. And I really think it should have been granted. We have here a two-person son and father company. The inventor spent 12 years researching and developing his product. Just help me out to understand this. Does it matter whether you ask for leave to amend in a brief as opposed to in a distinct pleading? No, Your Honor, I don't think it does. Okay, in the circuit that we're talking about. Right. It doesn't matter? No, it doesn't matter. And the standard is that leave to amend is given at least once. I mean, I've been practicing for 14 years. I've never seen a case where there's not clear futility and there's not leave given to amend. And this case is very important. Just to be clear, the leave to amend, when you say it's almost always granted, I mean, there's a certain standard that still has to be considered in whether to grant that leave to amend, right? It's the Fohman factors. Yes, Your Honors, and that's undue delay. We understand the Fohman factors. I just wanted to make sure that you weren't suggesting that leave to amend is automatic in a non-thinking way. No, not at all. I'm just saying in a case this complex, I, during the Great Recession, represented a lot of big banks, and there was a lot of wrongful foreclosure actions, for instance, filed that were completely frivolous on their face. And sometimes, very rarely, judges would dismiss them outright. And it made sense because they were so frivolous. What is the remedy that you're seeking from us with regard to this leave to amend? That's just leave to amend, because I do believe— But why should we grant you the leave to amend when it could be that your argument's futile? I mean, for example, on the doctrine of equivalence, it's not apparent to me how you could overcome the defect on the patent claim that exists. So given that it may well be futile and that no judge below has considered that in the first instance, why wouldn't the appropriate relief be to vacate and remand for a judge to actually consider it and articulate reasons and bases if they're not going to allow the leave to amend? Because, Your Honor, Judge Real's ruling did say several times that there's conclusory allegations that purvey. There is some guidance in there that we could amend to provide a lot more detail. But why not let a district court judge decide that in the first instance? Why should I decide in the first instance whether you can provide enough detail or not? Like, for example, in your brief, you haven't told me what the trade secret is you would allege they stole. You actually haven't given me any reason in your brief to think that you can overcome the problems in your complaint. You've alleged that you can, but it's not. Most of the time when I see something like this, what I get is if we were permitted leave to amend, we would assert the following. And I say, ah, yeah, that would have solved the problem. And I can see why. So why would I, as an appellate court, order the lower court to grant you leave to amend when you haven't actually told me how you're going to overcome any of the problems? Well, I respectfully disagree, Your Honor. On page 46 of the respondent's brief, they cite to what's in the nondisclosure agreement as decompiling, disassembling, or reverse engineering all or any part of the confidential information. That's in our brief as well. I just cited to theirs because that was a nice quote from theirs. But that is certainly in our brief. And so it's not about whether they copied it exactly. They were prohibited from even reverse engineering this under the nondisclosure agreement. So we have put that in our brief. And maybe we didn't provide enough detail in our complaint. It was several pages. We spent over 100 hours on that complaint. I'm proud of that complaint. I'm not saying it's utterly deficient. At the same time, it could be better. District Court said it was utterly deficient. Your Honor, Judge Rial has been reversed on this exact ground a few times. So I think it's just, I think it's really not. Well, he may have gotten it right this time around. Because your complaint, I thought, was lacking. And assume that I agree with Judge Rial on the 12B6 motion. But you did not make a formal motion to amend. You simply, you have a throwaway line in a brief where you're requesting leave to amend. But you don't inform the court as to why these other matters wouldn't matter. Fertility or, and the court can't even rule on that. If you have not provided a proposed amended complaint, the second amended complaint. Or any other type of factual allegations that you would include in an amended complaint. There's nothing there. So what we're left with is the question whether Judge Rial abused his discretion at that point in time. And that's a pretty high standard. That is a high standard, your Honor. But I do believe that, as I said, he's been reversed on this before. We've cited cases that say that there's a liberal standard with regard to providing leave to amend. And I think that this case, again, where my client spent 12 years researching and developing the product. A year and a half applying for the patent and having it granted. Two years negotiating with the Goliath industry. I think just to be clear, I think the most that we could give you is some kind of remand. Because it's not clear to us whether the court below understood that you had made this additional request. Because right now, as I look at the dismissal opinion, it's completely silent as to this possible question of leave to amend. And so we would, therefore, give the lower court the first crack at addressing whether or not that's an appropriate thing to do, given the content of what you said in your opposition. But I don't think it would be appropriate for us to make a ruling on that at the appellate stage. And we would accept that, your Honor. If there's a first instance, I don't know if your Honors are aware, but Judge Real has passed away. And so I believe that if this went to another judge, the standard in the industry where leave to amend is freely granted, especially once, which is in our case law, it would be given, even if it was on first instance provided to a new judge. And your Honors, my point was just that my client's been through so much to have this, to obtain this patent, and to have it dismissed in seven months of litigation, after negotiating two years with L'Oreal, after a year and a half of having the patent applied for and granted. Just because you have a patent doesn't mean someone else is infringing it. And they shouldn't be dragged into unnecessary expense of litigation if they're not infringing. Well, okay, but this case is a case where you had them meet with approximately seven executives at L'Oreal, where L'Oreal had a negotiator assigned to this, where there was negotiations. That's our decision, so let's just move on. Do you have anything else? Can you go to the jurisdiction question here? Sure, your Honors. L'Oreal is a huge conglomerate. Everyone knows them. They're the Goliath in the industry. To say they make no money out of California, which, standing on its own, is one of the largest economies in the world. Other than sales in California, what other contacts do they have there? I'm not sure, your Honor. That's why we're asking for discovery to be taken in that regard. What do they have there? How much in sales? Do they have any employees that work in both capacities, work for the parent company? That is a general jurisdiction argument, and also there's specific jurisdiction at Issue 2, because the Paris executives did directly speak to my clients and did request samples from them. And we would need discovery in order to determine just how involved they were. If they were very involved in these decisions, then, of course, specific jurisdiction would apply, too. And I see, your Honor, that I'm a minute past. I'd like to reserve the rest of my time for rebuttal. Very good. Okay. Davies? May it please the Court. One place to start is the district court's decision, docket entry 47, which is actually after the notice of appeal was filed. Let me just read the quote. This is the district court, quote, It declines to consider plaintiff's request for clarification regarding amendment as not properly noticed and captioned. So the district court made it clear that there was no appropriate motion filed here. Just to be clear, that's after the notice of appeal was filed here? It is, your Honor. So did the court have the power to issue that? He was waiting for the motion to amend. And as your Honor pointed out, there has been no appropriate motion to amend. I'm just trying to understand the logistics of how the court could issue an order at that stage. I agree. But the reason that it's interesting to us, I think, is that the district court cites the local rules. Here's the other thing that I find interesting. When did that occur from a timing perspective? It was a few months after the notice of appeal was filed. Or after your red brief. It was after our red brief, your Honor. Because you didn't make this argument in your red brief, did you? You didn't make the argument that this wasn't a formal motion to amend and therefore should be rejected. You made the argument only that it was futile. That's my understanding. That is correct, your Honor. Totally. So you never made the argument on appeal that there was a problem with the form or the presentation of the request? No. And as we were just discussing, that would be a discretionary call, your Honor, to whether to reach this practical point. That there was local rules in the Central District of California that expressly provide that if a footnote is not good enough, you have to file a motion. You have to give the amended complaint. Which is just another way of getting at the point, your Honor, that we need to know what they want to add. They've had an appellate brief. I mean, the problem is when you're saying it's my discretion, I've never even seen any of what you're talking about now. I have no idea what the local rules say. I don't have a copy of them. I have no idea. There's no – how would I possibly decide that? I mean, I feel like the best you could possibly expect from me is just like I offered him, which is to vacate and remand this and let a Northern District of California – not Central District of California judge figure out what should happen vis-a-vis this motion to amend under these circumstances. I don't see how I could do more than that. Well, you could certainly decide, as we did argue, your Honor, that the substance of this is futile. But is that a question of law or fact? That's a judgment that appellate courts can make. Saying it's a judgment does not answer my question. It's a question of law. There's no such thing as a judgment. In this case, your Honor, it would be a question of law. But as your Honor was also pointing out, the brief does not conclade any additional information that they could have used to suggest that – You think that I should decide – I mean, I don't know. I guess I just see my personal authority is a lot less than what other people see it as. You think I should decide in the first instance this question of futility that wasn't reached by the lower court. You should decide in the first instance, your Honor, because the patent claim here is – There's nothing they could say in an amended complaint to resuscitate the patent claim. You might well be right about that. It looks that way from my 10,000-foot level. But that being said, what about the trade secret claim? All they have to do is allege what the trade secret is. I mean, how hard could that be if there actually is one? So I don't see how I could say all of the claims are futile because some of the ones that were dismissed seem easier to amend potentially than others. So I'm glad you're with us on the patent piece. I'm not with you. I'm not with you on the patent piece. Not over – don't celebrate. I'm not celebrating, your Honor. But if our product is not covered by the patent claims, the trade secret conversation has no, quote, independent economic value for us. How can I make that decision? Because of what they've said, your Honor. They have described those conversations at 505 and 506 of the declaration about their product. If those conversations are about their product, nothing they can say will suggest any independent economic value for L'Oreal with its different products. Counselor, the problem here is that we review judgments. Yes, your Honor. Not attorney arguments or speculation. Yes, your Honor. And here we don't have the court addressing the question of futility. We don't have the court expressly addressing the question of futility. Right. And we can't decide that issue in the first instance. Perhaps we could, but the question is whether we should in this particular case. So you could, and the reason for you should is they have been given several opportunities to make the motion and to explain to the court why this is a good use of judicial resources. They still have not said anything. The court never addressed this particular issue. Because the court was not properly asked. And I don't want to create a sort of sandbagging situation, your Honor, where you can just put it in a motion, put it in a motion, and then appeal. What about the statement where they ask in a brief for leave to amend? Is that sufficient in this particular circuit? No, it isn't. And that's the local rules that I started with, your Honor. Local Rule 15 says any proposed amending pleading must be filed as an attachment to the related motion. Local Rule 7, quote, may decline to consider a motion if no relief. The practice in this court is if you want an amended complaint, you file it. And it makes so much sense. But even what you just said is the court may decline to consider. That means the court has the discretion to consider it even if it's not filed properly as a separate motion. And the district court here, that's where we started, your Honor, declines to consider. No, the district court here cannot decline to consider something when he has no jurisdiction over it. I realize actually that sounds a little funny, but you got my point. I got your point, your Honor. But on substance, the claims here, the patent claim and the trade secret claims, they're just meritless. And there's nothing that can be said to make them have merit. And you might be able to probably pretty easily convince a district court judge in the Central District of California that it seems like in relatively little briefing, right? I mean, all we're suggesting is you go back and maybe there's not even a need for a new briefing. That's kind of up to the district court judge. But maybe the district court judge can say, no, I'm not giving you a new briefing. You didn't do a sufficient job. This is over. And you don't have to do hardly anything at all. That would be great, right? I understand that, your Honor. But as you know far better than I do, the burdens on this court, the burdens on the judicial system, and the question here, is that the right outcome where we have meritless on patent claims, meritless trade secret claims? That's true. I don't know that they're all meritless. How am I supposed to figure that out in the first instance on appeal? Because the arguments here, for example, the patent says airtight reclosing seal. And in Appendix 41, you see a picture of a hole, the exact opposite. Get that. And we have the trade secret claims. And the declaration makes clear it's about that product. We don't make that product. So we have two meritless claims along with a party that several times has not complied with it. But they're also making arguments that there's other confidential information beyond just the contents of what was patented that were demonstrated at various meetings and then other disclosures that occurred at those confidential meetings. And so therefore, those types of confidential information beyond what was patented has now been incorporated by L'Oreal and these other accused products. If you read the declaration, Your Honor, it's clearly focused on the demonstration of their prototype. Their prototype has a different opening than our product. Their discussion was really about Figure 14. But maybe that's not the trade secret they're alleging, the opening. Maybe the trade secret is some other aspect of their product. How am I supposed to know? It's not alleged in the briefing. It's not in the complaint. And it's not in their appellate brief, Your Honor. I mean, if the conversation here had gone beyond their prototype, I think we would have heard about it. It's about their prototype, which does not have a hole, and we have a hole. Yes, but a trade secret, I could be conveying to you some aspect. It doesn't have to be the whole claimed invention that you then copy and steal. It's in their brief, quote, interest in the orifice reducer in the prototype. It's a quote, 52, a quote, avoiding oxidation. That conversation was about their prototype, which they've never said it's not. And if it's about their prototype, the prototype would The fact that you're not exactly like their prototype doesn't mean you stole their trade secret and information. It may mean you don't infringe their patent if their prototype is the same as the claims of their patent. But the trade secret information can be less than, for example, maybe the trade secret information is something less than what is covered by all the claims in the patent. Yeah, and I don't mean to collapse the two, Your Honor, totally for sure. But it was definitely about, you know, the sample. It was about their ideas for this product, and it's not our product. Is there anything else that you'd like to cover? I think we have your argument. Thank you, Your Honor. All right, thanks. We have a little bit of rebuttal time. Mr. Martel, how do I say your last name? Mark Terrell. Mark Terrell. Mr. Mark Terrell, is there anything you think that we should hear? Yes, Your Honor. Your Honor, first I'd like to reference Appendix Page 460, which is a determination of action that came along with the order on the motion to dismiss. Now, Your Honors, I've practiced in the Central District for my entire career, also in state court. I don't want to say I'm exclusively practicing there, but we're talking about dozens of cases. And I've never seen a determination of an action with a granting of a motion to dismiss completely. That said to me, this case is over. Go file your appeal. And in our opposition, we clearly ask for leave to amend. And that is the accepted practice in the Central District. Local Rule 15 relates to motions to amend after the motion to dismiss stage, I believe, more so than filing a – it doesn't really make sense to file an opposition to a motion to dismiss that you believe you may win, and yet show so much fear that you're also filing a motion to amend at the same time. That is not the standard. I've literally never done it. I've practiced at Blank Rome, Lock Lord. I've practiced at big firms. No one's ever told me, hey, let's file just in case this judge goes a little bit intense. Watch yourself. I'm sorry? Watch yourself. Yeah. Just in case this judge makes a decision to completely dismiss the case, please file a motion to amend along with it. I've never seen that before. And Appendix 460, where there's a determination of the entire action, I think shows that even if I sought leave to amend via formal motion, it may have been denied. I don't know. But it's certainly not the standard. Next, futility. Council just argued that the trade secrets, for instance, all related to the prototype. That's not true. We cite on page 57 of our brief that the inventor of this product who did the trial and error, that's certainly trade secret information right there. What works? What doesn't work? They talked about the viscosity of the liquids. What kind of syringe works better? A larger opening for thicker liquids? And I assume you would allege all of this if given an opportunity to below. Absolutely. And we put that in the declaration in opposition of the motion for sanctions. Why the invention will disrupt the industry, that's also a trade secret. This is a master hairstylist, one of the best in Los Angeles, which is a very competitive market. And he invented this product, and he really understands why it's important. So we're not saying a syringe is new. We're not saying that bottles are new. We're saying this process is new. And L'Oreal's been around for 107 years. They've never used an orifice reducer in combination with a syringe in combination with bottles. They used tubes. They used no syringe. They used a syringe at times, but they never combined the three. And that is what the USPTO found novel. And that is what they reverse engineered in violation of the NDA. And that is all these trade secrets that were given, the confidential manufacturing processes. For instance, the orifice reducer, yes, in the patent application, it references being self-closing. But during that meeting, my clients discussed with L'Oreal how that might not be a cost-effective approach because a self-sealing orifice reducer was expensive to create. And so they thought, okay, maybe what if we just left the hole? And my clients responded, well, for something that doesn't have ammonia and peroxide, that's actually fine. It reduces the airflow enough that it won't dry out. Mr. Martorell, you're over your time. Okay. So I thank both counsel for their arguments. The case is taken under submission. Thank you.